UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEDA COMMUNITY LEARNING CENTER, et al.,<br><br>        Defendants. | Case No. 20-cv-06996-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

        This case concerns the alleged sexual assault of a twelve-year-old child, Jane Doe, by her speech therapist, Matias Cuevas. Cuevas worked as a contractor at Doe's school, Alameda Community Learning Center. Doe seeks to hold the school liable under the Rehabilitation Act and various state laws. She contends that the school discriminated on the basis of disability because it contracted with a company that negligently hired special education instructors like Cuevas, failed to perform its own background checks on the instructors sent by that company, and did not adequately supervise those instructors. Doe also seeks to hold the school vicariously liable for Cuevas's actions. The school moves to dismiss the Rehabilitation Act claim as well as most of the state law claims (the exception being Doe's negligence claim).

        <u>The Rehabilitation Act Claim</u>

        To make a prima facie case of direct discrimination against the school under section 504 of the Rehabilitation Act, Doe must plausibly allege that the school discriminated against her

"solely by reason" of her disability. 29 U.S.C. § 794; *see Zukle v. Regents of University of California*, 166 F.3d 1041, 1045 (9th Cir. 1999); *see Dempsey v. Ladd*, 840 F.2d 638, 640 (9th Cir. 1988). Some context is important for understanding how the complaint's allegations regarding inadequate vetting and supervision might state a claim for discrimination. Disabled students, like Doe, are in part taught by specialized instructors, like speech therapists. The school contracts with third parties to provide students with those instructors. Thus, the core question here is whether Doe has raised an inference either that the school's decision to use the particular company that employed Cuevas, or the school's failure to conduct additional vetting or supervision of that company's instructors, occurred *solely* because the instructors would work with disabled children.

The complaint does not adequately allege either theory of direct liability. It does not suggest that the school's selection of this company was discriminatory in itself (that is, that the school intentionally selected a sub-par contractor only because that contractor was to provide services to disabled children). And it does not adequately allege that the school failed to vet or supervise the instructors only because they would be working with disabled children. Instead, the complaint simply alleges that the school failed to adequately supervise and vet the instructors provided by this company.

But Doe's Rehabilitation Act claim survives under a respondeat superior theory of liability. The Ninth Circuit's "general rule regarding actions under civil rights statutes is that respondeat superior applies." *United States v. Town of Colorado City*, 935 F.3d 804, 808 (9th Cir. 2019) (citing *Bonner v. Lewis*, 857 F.2d 559, 566 (9th Cir. 1988)). That rule applies to claims brought under the Rehabilitation Act. *Bonner*, 857 F.2d at 567 (holding that respondeat superior liability applies to Rehabilitation Act claims because "[t]he application of respondeat

superior ... [is] entirely consistent with the policy of that statute, which is to eliminate discrimination against the handicapped"); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001), *as amended on denial of rehearing* (Oct. 11, 2001) ("When a plaintiff brings a direct suit under either the Rehabilitation Act or Title II of the ADA against a municipality (including a county), the public entity is liable for the vicarious acts of its employees."); *see Borawick v. City of Los Angeles,* 793 F. App'x 644, 646 (9th Cir. 2020) ("Under the ADA and Rehabilitation Act, municipalities are vicariously liable for the conduct of their employees."); *see also Colorado City*, 935 F.3d at 809. Thus, under current Ninth Circuit law, if Cuevas discriminated against Doe solely because of her disability, the school can be held liable.[1]

The school responds that Cuevas did not engage in disability discrimination, so the school cannot be vicariously liable for disability discrimination. But Doe alleges that Cuevas sexually assaulted her because he believed her disability (a speech impediment) would prevent or hinder her from accusing him of wrongdoing. That allegation is plausible, so the complaint sufficiently alleges that Cuevas discriminated in targeting Doe. *See Wagon v. Rocklin Unified School District*, 2019 WL 2577336, at *5 (E.D. Cal. June 24, 2019) (listing cases); *see also Garedakis v. Brentwood Union School District*, 756 F. App'x 669, 672 (9th Cir. 2018) (explaining that, in determining whether the plaintiffs had shown the alleged abuse was "solely by reason of" their disabilities, "[the teacher's] motivation for allegedly abusing them . . . is the relevant question." (citing *see K.M. ex rel. Bright v. Tustin Unified School District*, 725 F.3d 1088, 1099 (9th Cir. 2013)).

Next, the school argues that, even if Doe has adequately alleged that Cuevas's actions

---

[1] For purposes of respondeat superior liability, it does not appear to matter whether Cuevas is technically an "employee" or an "independent contractor," and the school does not raise this issue. *Castle v. Eurofresh*, 731 F.3d 901, 910 (9th Cir. 2013).

amount to discrimination under the Rehabilitation Act, this Court should hold that Doe may not pursue her theory of respondeat superior liability. For support, the school cites a recent ruling by Judge Alsup. *K.H. by & through Humphrey v. Antioch Unified School District*, 424 F. Supp. 3d 699 (N.D. Cal. 2020). In *K.H.*, Judge Alsup concluded that the Ninth Circuit's opinion in *Duvall*, a frequently cited case applying respondeat superior liability under the Rehabilitation Act, is undermined by a Supreme Court decision handed down three years prior to *Duvall*. That Supreme Court decision—*Gebser*—held that Title IX of the Civil Rights Act does not give rise to respondeat superior liability. *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 285 (1998) ("[I]t would 'frustrate the purpose' of Title IX to permit a damages recovery against a school district for a teacher's sexual harassment of a student based on principles of respondeat superior or constructive notice, *i.e.*, without actual notice to a school district official."). *Gebser*'s holding was in part based on similarities between Title IX and Title VI. In *K.H.*, Judge Alsup reasoned that because the Ninth Circuit has held that the Rehabilitation Act's remedies are linked to Title VI and because the Ninth Circuit has referred to other parts of *Gebser* in cases involving the Rehabilitation Act, *Gebser*'s respondeat superior holding should apply to Rehabilitation Act claims, notwithstanding *Duvall*. *K.H.*, 424 F. Supp. 3d at 701-702.

In an effort to partially reconcile itself with *Duvall*, the *K.H.* ruling described *Gebser*'s standard for discrimination as a type of respondeat superior liability. *Id.* at 702. But that's not accurate. *Gebser* held that for Title IX discrimination, a school may only be liable for an employee's conduct if: (i) a school official with authority to address the problem receives notice of the discrimination; and (ii) the official fails to adequately respond, in a manner that amounts to deliberate indifference. *Gebser*, 524 U.S. at 285. *Gebser* described the standard as a direct liability standard—one that requires "an official decision by the [school] not to remedy the

4

violation" to avoid the "risk that the [school] would be liable in damages not for its own official decision but instead for its employees' independent actions." *Gebser*, 524 U.S. at 290. *Gebser* contrasted that "official decision" requirement with respondeat superior liability, where "irrespective of whether school district officials had any knowledge of the harassment and irrespective of their response upon becoming aware . . . recovery in damages against a school district would generally follow whenever a teacher's authority over a student facilitates the harassment." 524 U.S. at 282. Thus, although *K.H.* gives lip service to *Duvall* and to respondeat superior liability, what it actually does is hold that there is no respondeat superior liability under the Rehabilitation Act. That holding is contrary to binding Ninth Circuit precedent. *See Duvall*, 260 F.3d at 1141; *see also Colorado City*, 935 F.3d at 809; *Borawick*, 793 F. App'x at 646. Perhaps it would be a different story if *Gebser* had come after *Duvall*. In that situation, a district court could legitimately inquire whether *Duvall* is clearly irreconcilable with *Gebser*. And there are arguments going both ways. But under these circumstances, only the Supreme Court or an en banc panel of the Ninth Circuit has the authority to contradict *Duvall* in the way that *K.H.* did. *See, e.g.*, *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003).[2]

A final note regarding the Rehabilitation Act claim: the school did not make the alternative argument that, even if *K.H.* should not be followed, Doe does not have a claim for respondeat superior liability here because Cuevas was acting outside the scope of his employment. Indeed, the school appears to assume that this argument is unavailable for the

---

[2] The *K.H.* ruling, in portraying the respondeat superior issue as an "open question," cited a First Circuit ruling that described it as such. *See Gray v. Cummings*, 917 F.3d 1, 17 (1st Cir. 2019) ("Whether the rationale of *Gebser* should be extended to insulate public entities from liability under Title II of the ADA on a theory of respondeat superior is an open question."). But in describing the question as "open," the First Circuit identified the Eleventh Circuit as having chosen to apply *Gebser*'s standard to the Rehabilitation Act, and it identified the Ninth Circuit as having chosen to preserve respondeat superior liability for Rehabilitation Act claims in the wake of *Gebser*. *Id*. (citing *Duvall*, 260 F.3d at 1141).

Rehabilitation Act claim. Mot. at 7. But the scope-of-employment inquiry applies to federal civil rights claims. *See Burlington Industry, Inc. v. Ellerth*, 524 U.S. 742, 756-59 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 793 (1998). And federal law would almost certainly deem Cuevas as having acted outside the scope of his employment (just like California law does, as noted below). If so, the next question would be whether the school can be vicariously liable for Cuevas's conduct—despite Cuevas having acted outside the scope of his employment—because of its own negligence. *Burlington*, 524 U.S. at 759. Because the school has waived this issue at the pleading stage, it will be an issue for summary judgment.

State Law Claims

All of the state law claims that the school challenges are dismissed. Most of those claims depend on the school being vicariously liable for Cuevas's actions. But the school cannot be vicariously liable under California law because Cuevas's actions were not within the scope of his employment. *C.A. v. William Hart Union High School*, 53 Cal. 4th 861, 875 (2012); *John R. v. Oakland Unified School District*, 48 Cal. 3d 438 (1989). The claims that do not depend on vicarious liability fail for a host of other reasons. To the extent Doe is attempting to bring a separate, independent claim for negligent infliction of emotional distress, it is dismissed. *See Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal. 3d 583, 588-89 (1989). The claims pertaining to Doe's father, KLB, are also dismissed. As to the negligence claim, the complaint fails to adequately allege that the school violated a legal duty owed to KLB in its response to Doe's sexual assault. As to the negligent infliction of emotion distress claim, the complaint does not adequately allege that KLB was a bystander or that any negligence by the school was "directed at" him. *Martin By & Through Martin v. United States*, 984 F.2d 1033 (9th Cir. 1993); *Steven F. v. Anaheim Union High School District*, 112 Cal. App. 4th 904 (2003). And

as to the intentional infliction of emotional distress claim, Doe's allegations do not create an inference of extreme and outrageous conduct by the school. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Thus, with respect to the state law claims, only Doe's claim for negligence remains.[3]

Doe's claims are dismissed without leave to amend, given that this is her second attempt to adequately allege the same claims and that the Court cannot conceive of a way in which she could successfully amend. A case management conference is scheduled for April 21, 2021, to discuss a schedule for adjudicating the surviving claims (the Rehabilitation Act and negligence claims). A joint case management statement is due 7 days before the conference.

**IT IS SO ORDERED.**

Dated: April 5, 2021

VINCE CHHABRIA
United States District Judge

---

[3] Whether Doe can recover punitive damages on her negligence claim will depend on the evidence presented at summary judgment and trial, so the school's request to strike the punitive damages demand is denied. The same is true of the school's request to strike the demand for injunctive relief.